OPINION
{¶ 1} This case involves charges of operating a motor vehicle while under the influence of alcohol and speeding. After a bench trial, defendant-appellant Jerry Gower was found guilty of both charges and was sentenced accordingly. Gower now appeals, raising the following assignments of error:
 {¶ 2} "I. The Appellant was denied his right to effective assistance of counsel as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article One, Section Ten of the Constitution of the State of Ohio.
 {¶ 3} "II. The judgment of conviction of Ohio Revised Code Section4511.19 is contrary to law and to the Due Process Clause of theFourteenth Amendment to the Constitution of the United States and ArticleI, Section 16 of the Ohio Constitution in that there was insufficient evidence adduced to establish each and every element of the offense beyond a reasonable doubt."
 {¶ 4} After considering the record and applicable law, we find both assignments of error to be without merit. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 5} On the evening of November 13, 2001, Deputy John Bozarth was traveling northbound on St. Rt. 49 in Darke County, Ohio, in a marked police car. Bozarth noticed a vehicle (a blue Chevrolet truck) traveling southbound at what appeared to be more than the posted speed limit of 50 miles per hour. After using a radar device, Bozarth confirmed that the truck's speed was about 68 mph. As a result, Bozarth turned his cruiser around and followed the truck. The truck then traveled left of center by about twelve inches, came back into its own lane of travel, and then went across the white line on the right side of the roadway. After watching the truck go back across the center line and over the right line again, Bozarth activated the overhead lights on his cruiser.
 {¶ 6} The truck did not slow down right away, but finally pulled over about 250 yards further down the road. When Bozarth reached the truck, he noticed that the driver's (Gower's) eyes were glassy and bloodshot. Bozarth also smelled odors of a Hall's cough drop and an alcoholic beverage. The cough drop smelled more prominent when Gower turned toward the officer, while the alcohol smell was more pronounced when Gower turned away. Bozarth described the alcohol odor as slight.
 {¶ 7} Gower was able to produce a driver's license, registration, and insurance card without difficulty. Gower told Bozarth that he had been traveling faster than the speed limit, but was not sure how fast he was going or what the speed limit was. After being asked to step out of the truck, Gower complied and had no problem getting out. Gower said he had been at a bowling alley, where he had consumed two or three beers.
 {¶ 8} Bozarth then asked Gower to perform some field sobriety tests, including the "finger to nose" test, the "one-legged stand" test, and the "walk and turn" test. Bozarth testified that the latter two tests were conducted in strict compliance with the National Highway Traffic Safety Administration manual. Gower failed all three sobriety tests. On the finger-to-nose test, Gower swayed from side to side a bit. He also failed to touch the tip of his nose with his finger four times out of six, and used the wrong hand once. On the one-legged stand, Gower had to raise his arms to maintain his balance immediately after raising his foot off the ground. He also swayed. Further, he had to put his foot down several times. Bozarth testified that these were all signs of impairment and resulted in failure of both tests.
 {¶ 9} Finally, on the walk-and-turn test, Gower improperly left gaps between a majority of the steps and turned in the wrong direction. These were indicators of impairment, and caused Gower to fail the test. After the tests were completed, Bozarth arrested Gower for driving under the influence and took him to the police station. At the station, Gower refused to take a breathalyzer test. Gower explained that he did not want to take the test because he had consumed three beers and was afraid he would fail.
 {¶ 10} Gower's attorney did not file a motion to suppress, nor did he object to any of the above evidence at trial. Because Deputy Bozarth was the only witness to testify at trial, the evidence was essentially uncontroverted. In closing argument, defense counsel did allege certain inaccuracies, like the fact that Bozarth did not indicate if Gower's clothing was appropriate, nor what footwear was worn — both of which are supposedly required for testing under NHTSA. In addition, defense counsel argued that the road contained an improper slope.
 {¶ 11} After closing arguments, the court and attorneys discussed the issue of NHTSA compliance. Following the discussion, the court found that the testimony was uncontroverted, and that Bozarth had strictly complied with NHTSA. The court then found Gower guilty as charged, based on the totality of the circumstances.
 {¶ 12} Gower contends that his counsel was ineffective because he failed to file a motion to suppress, failed to object to testimony about field sobriety tests, and failed to challenge Deputy Bozarth's qualifications to administer the tests. We evaluate ineffective assistance arguments under an analysis derived from Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Specifically, for a conviction to be reversed on the basis of ineffective assistance of counsel, the defendant must show "that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different." Statev. Honeycutt, Montgomery App. No. 19004, 2002-Ohio-3490, at ¶ 38. In the particular context of a motion to suppress, the defendant "must establish that the motion was meritorious and that he suffered actual prejudice." Id. at ¶ 39.
 {¶ 13} Gower argues that a motion to suppress would have been successful because the test procedures were inconsistent with the NHTSA manual. Under State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, field sobriety tests must be administered in strict compliance with standardized test procedures before the results can serve as evidence of probable cause. Id., at syllabus. We have extended this holding, by requiring strict compliance as a prerequisite for admitting field sobriety results in evidence at trial. See State v. Brandenburg (Feb. 22, 2002), Montgomery App. No. 18836, 2002-Ohio-912, at ¶ 17. A few districts have disagreed with our position, and the issue is currently being reviewed by the Ohio Supreme Court. See State v. Kirby, Butler App. No. CA2002-06-136, 2003-Ohio-2922, at ¶ 14 (agreeing with the Fifth District Court of Appeals that strict compliance with NHTSA is not a prerequisite for admitting field sobriety test results, and noting that this view conflicts with the view taken by the Second, Third, and Tenth Appellate District Courts of Appeals).
 {¶ 14} In any event, as the law currently stands in this district, the field sobriety results would have been excluded from evidence if Deputy Bozarth did not strictly comply with NHTSA procedures. However, we have found nothing in the record to establish that the procedures were not strictly followed.
 {¶ 15} As an initial point, we note that Gower's argument is improper, because it is based on evidence that was not offered at trial (an excerpt from the NHTSA manual that is attached to Gower's appellate brief). This evidence cannot be considered on appeal. See, e.g., Statev. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus (holding that a reviewing court cannot add matter to the record that was not part of the trial court proceedings, and then decide the appeal on the basis of the new matter).
 {¶ 16} Furthermore, even if the NHTSA excerpt could be considered, Gower fails to point to any particular manner in which the manual was violated. In this context, Gower simply says that a cursory review of the record reveals that suppression should have been granted. We disagree; our review of the record did not reveal any defect in the procedure that was used.
 {¶ 17} Although Gower's trial counsel did not move to suppress the evidence, he did contend in closing argument that the procedures were deficient. The argument in this context was that Bozarth did not recall if Gower's clothing was appropriate, and did not remember what footwear Gower wore. In addition, defense counsel argued that the slope of the road undermined the validity of the field sobriety test results. However, these allegations were not established by the evidence. Bozarth did not say that he could not recall if the clothes were appropriate; he testified that he did not see anything abnormal about Gower's dress. Bozarth also stressed that he would have given Gower the option of removing his footwear, if the incline of the road potentially interfered with Gower's balance. Finally, there was no evidence that the roadway interfered with the testing in any manner or that the slope was unusual. In fact, Bozarth testified that the two men were on the pavement while the tests were performed, and that the road was not slanted abnormally.
 {¶ 18} As a final matter, we note that the excerpt from the NHTSA manual says nothing about footwear, dress, or slope. Thus, even if we considered the evidence, it would not support a finding that the police failed to comply strictly with NHTSA.
 {¶ 19} In the absence of any evidence that Bozarth failed to follow procedures strictly, we see no reason why either a motion to suppress or a motion to exclude the field sobriety test results from evidence would have been granted. Accordingly, trial counsel's alleged ineffectiveness did not cause prejudice to Gower.
 {¶ 20} Gower's first assignment of error is overruled.
 II {¶ 21} The second assignment of error challenges the sufficiency of the evidence to support the elements of the charged offense. In this case, the defendant was charged with violating R.C. 4511.19(A)(1), which states that:
 {¶ 22} "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 {¶ 23} "(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse."
 {¶ 24} The pertinent test for deciding legal sufficiency is " `whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " State v. Williams,99 Ohio St.3d 493, 2003-Ohio-4396, at ¶ 50, quoting from Jackson v.Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(emphasis in original). According to Gower, this question should be answered negatively because the record lacks sufficient objective evidence of alcohol impairment. Gower also attacks the field sobriety tests as "subjective," and says the results are only probative if the witness testifying about the results is credible.
 {¶ 25} After reviewing the record, we find that the evidence is sufficient to support the judgment that Gower was under the influence of alcohol. Before Gower's truck was stopped, Deputy Bozarth observed excessive speed and also saw the truck cross over the center and right lines twice. Furthermore, Gower did not immediately stop when told to do so. When Gower finally pulled over, Bozarth detected an odor of cough drops and alcohol. Although the alcohol odor was slight, it was partly masked by the smell of cough drops. In addition, Bozarth noticed that Gower's eyes were glassy and bloodshot. These matters were based on the officer's observation of Gower's appearance and conduct.
 {¶ 26} Gower told Bozarth at the scene that he was coming from the bowling alley and that he consumed two or three beers while he was there. Gower also refused to take a breathalyzer test, because he had three beers and was concerned that he would fail the test.
 {¶ 27} Admittedly, Gower's speech was not slurred, and he was cooperative with the deputy. However, Gower had balance problems while performing the sobriety tests, had trouble understanding and following simple directions, and had problems performing tasks required by the tests. We agree with the trial court that the totality of the circumstances supports a finding that Gower was under the influence of alcohol when he was stopped.
 {¶ 28} In contending that the record contains insufficient evidence of alcohol impairment, Glower cites State v. Dixon (Dec. 1, 2000), Greene App. No. 2000-CA-30, 2000 WL 1760664, for the proposition that the "mere detection of an odor of alcohol and the admission of consumption of alcohol" are not sufficient evidence to convict an individual of operating a motor vehicle while under the influence of alcohol. Dixon did not involve sufficiency of the evidence to support a conviction. Instead, the issue was whether the trial court correctly overruled the defendant's motion to suppress. Id. at *1. In turn, the suppression issue hinged on whether the police had reasonable cause to administer field sobriety tests. Id. at *2. Once the trial court decided that reasonable cause existed, and overruled the motion to suppress, the defendant pled no contest. Id. at *1. The trial court, therefore, did not hear evidence, and we had no reason to consider if the evidence would have been sufficient to sustain a conviction for driving under the influence of alcohol.
 {¶ 29} In Dixon, unlike in the case before us, the officer did not see any traffic violations. The officer in Dixon only observed a window-tint violation. Id. at *2.
 {¶ 30} We have stressed on various occasions that these cases are fact-sensitive. See, e.g., State v. Marshall, Clark App. No. 2001-CA-35,2001-Ohio-7081, 2001 WL 1658096, *2. The present case is unlike Dixon in that both excessive speed and lane violations were involved. These traffic infractions, unlike a tinted-window infraction, suggest the possibility that the driver may be driving while under the influence of alcohol or drugs. Compare State v. Cooper, Clark App. No. 2001-CA-86,2002-Ohio-2778, at ¶ 22 (affirming denial of motion to suppress, and distinguishing Davis on the basis that Davis did not involve traffic infractions).
 {¶ 31} We conclude that there is sufficient evidence in this record to support Gower's conviction for driving under the influence. Gower's second assignment of error is overruled.
 III {¶ 32} Both of Gower's assignments of error having been overruled, the judgment of the trial court is affirmed.
GRADY and YOUNG, JJ., concur.