OPINION
{¶ 1} On February 20, 2005, Ohio State Highway Patrol Trooper Chad Maines observed appellant, Morgan Archer, speeding. Upon stopping appellant, Trooper Maines detected a strong odor of alcohol. Trooper Maines conducted various fields sobriety tests and as a result, charged appellant with driving under the influence in violation of R.C. 4511.19, driving with a suspended license in violation of R.C. 4510.14, speeding in violation of R.C. 4511.21 and failure to wear a seatbelt in violation of R.C.4513.263.
 {¶ 2} On May 31, 2005, appellant filed a motion to suppress, claiming an unlawful stop. A hearing was held on June 17, 2005. The trial court denied the motion.
 {¶ 3} A jury trial commenced on June 20, 2005. The jury found appellant guilty of the driving under the influence charge. The driving under suspended license charge was dismissed and the trial court found appellant guilty of the remaining two charges. By judgment entry of conviction filed June 20, 2005, the trial court sentenced appellant to one hundred eighty days in jail.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "HARMFUL ERROR WAS COMMITTED BELOW IN THE CONVICTION OF THE DEFENDANT-APPELLANT AS THE SAME WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO JUSTIFY A FINDING OF GUILT HEREIN."
 I {¶ 6} Appellant claims his conviction for a violation R.C.4511.19(A)(1)(a) was against the sufficiency of the evidence. Specifically, appellant claims there was insufficient evidence to prove his ability to operate a motor vehicle was "appreciably impaired" by his consumption of an alcoholic beverage. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307.
 {¶ 8} Appellant was convicted of violating R.C.4511.19(A)(1)(a) which states, "No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, * * * The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 9} The element of the offense as it relates to appellant is whether he was "under the influence of alcohol, a drug of abuse, or a combination of them." Nowhere in the statute is "appreciably impaired" mentioned.
 {¶ 10} Although the phrase "appreciably impaired" has crept into jury instructions given across the state, the case law has consistently held that many factors can be considered and viewed as a whole to determine "under the influence." State v.Houlett, Sandusky App. No. S-02-043, 2004-Ohio-405; State v.Gower, Darke App. No. 1616, 2003-Ohio-5403.
 {¶ 11} Appellant argues Trooper Maines's statement that he would not call appellant's driving erratic is proof that he was not under the influence. T. at 36.
 {¶ 12} Trooper Maines testified appellant was driving in excess of the speed limit. T. at 15. The jury had the benefit of observing the actual stop and field tests via the in-cruiser camera. T. at 17; Plaintiff's Exhibit 1. Trooper Maines testified to appellant's unusual hand movements upon stopping, the odor of alcohol and appellant's red glassy eyes and slurred speech, all of which are indicia of impairment. T. at 18. Appellant admitted to having one beer. T. at 32. Trooper Maines administered the horizontal gaze nystagmus test and appellant had all six clues for impairment. T. at 21. Trooper Maines opined appellant was under the influence of alcohol and it impaired his ability to drive:
 {¶ 13} "Q. Based on your training and education experience do you feel that the influence of alcohol impaired his ability to operate a motor vehicle at that point?
 {¶ 14} "A. Yes I did.
 {¶ 15} "Q. And the basis that you use to determine that?
 {¶ 16} "A. We use a combination of everything I had seen to that point, the speed, the slowly driving back and forth in his lane, crossing over both center divider lines and the white fog line. The strong odor of an alcoholic beverage, the red glassy eyes, the slurred speech, the slow drawn out movements. All those things were lumped together and how I decided to actually place the Defendant under arrest for OVI." T. at 22-23.
 {¶ 17} The actual videotape of appellant's arrest was viewed by the jury. This, coupled with Trooper Maines's opinion and observations that appellant was under the influence, are sufficient credible evidence of a violation of R.C.4511.19(A)(1)(a).
 {¶ 18} We conclude Trooper Maines's statement that appellant's driving was not erratic was insufficient to overcome the visual evidence and the uncontradicted opinion testimony of Trooper Maines.
 {¶ 19} Upon review, we find sufficient credible evidence to find appellant guilty of R.C. 4511.19(A)(1)(a).
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed.